1 | SANDRA R. BROWN
Acting United States Attorney
2 | LAWRENCE S. MIDDLETON
Assistant United States Attorney
3 | Chief, Criminal Division
JOSEPH O. JOHNS (Cal. Bar No. 144524)
4 | Assistant United States Attorney
Chief, Environmental & Community Safety
5 | Crimes Section
MARK A. WILLIAMS (Cal. Bar No. 239351)
6 | Assistant United States Attorney
Deputy Chief, Environmental & Community
7 | Safety Crimes Section
     1300 United States Courthouse
8 |    312 North Spring Street
     Los Angeles, California 90012
9 |    Telephone: (213) 894-3359
     Facsimile: (213) 894-6436
10 |    E-mail:   mark.a.williams@usdoj.gov

11 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

12

13                   UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15 | UNITED STATES OF AMERICA,        No. CR 17CR00726 DMG

16 |            Plaintiff,            PLEA AGREEMENT FOR DEFENDANT
                                    UNITED INDUSTRIES LLC
17 |        v.

18 | UNITED INDUSTRIES LLC,

19 |            Defendant.

20

21

22        1.    This constitutes the binding plea agreement between

23 defendant UNITED INDUSTRIES LLC ("defendant" or "United Industries")

24 and the United States Attorney's Office for the Central District of

25 California ("the USAO") in the above-captioned case.  This agreement

26 is limited to the USAO and cannot bind any other federal, state,

27 local, or foreign prosecuting, enforcement, administrative, or

28 regulatory authorities.

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2. Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement will, with the exception of paragraph 19 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 21 and 22 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to the one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, charging defendant with depositing refuse in navigable waters in violation of 33 U.S.C. §§ 407, 411.

b) Not contest facts agreed to in this agreement.

2.

c)     Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 13 of this agreement.

d)     Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e)     Not commit any crime; however, offense that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f)     Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g)     Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

h)     Pursuant to 33 U.S.C. § 411, to not oppose a recommendation or a Court order that an amount equal to not more than 1/2 of any fine imposed by the Court be paid to the person or persons giving information leading to these convictions.

                        THE USAO'S OBLIGATIONS

4.     The USAO agrees to:

a)     Not contest facts agreed to in this agreement.

b)     Abide by all agreements regarding sentencing contained in this agreement and affirmatively recommend to the court that it impose sentence in accordance with paragraph 13 of this agreement.

1        c)    Except for criminal tax violations (including

2  conspiracy to commit such violations chargeable under 18 U.S.C.

3  § 371), not further criminally prosecute defendant and/or related

4  parent and subsidiary companies for violations arising out of

5  defendant's conduct described in the attached agreed-to factual

6  basis.  Defendant understands that the USAO is free to criminally

7  prosecute defendant and/or related parent and subsidiary companies

8  for any other unlawful past conduct subject to the applicable

9  statutes of limitations, or any unlawful conduct that occurs after

10  the date of this agreement.  Defendant agrees that at the time of

11  sentencing the Court may consider any uncharged conduct in

12  determining the applicable Sentencing Guidelines range, the

13  propriety and extent of any departure from that range, and the

14  sentence to be imposed after consideration of the Sentencing

15  Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

16                CORPORATE AUTHORIZATION

17     5.    Defendant represents that it is authorized to enter into

18  this agreement.  On or before the change of plea hearing pursuant to

19  this agreement, defendant shall provide the USAO and the Court with

20  a notarized legal document certifying that defendant is authorized

21  to enter into and comply with all of the provisions of this

22  agreement.  Such resolution(s) shall designate a company

23  representative who is authorized to take the actions specified in

24  this agreement, and shall also state that all legal formalities for

25  such authorizations have been observed in the form attached to this

26  Agreement as Exhibit C.

27

28

1    ## ORGANIZATIONAL CHANGES AND APPLICABILITY

2    6.   This agreement shall bind defendant, its successor

3    entities (if any), parent companies, and any other person or entity

4    that assumes the liabilities contained herein ("successors-in-

5    interest").  Defendant, or its successors-in-interest, if

6    applicable, shall provide the USAO with immediate notice of any name

7    change, business reorganization, sale or purchase of assets,

8    divestiture of assets, or similar action impacting their ability to

9    pay the fine or affecting this agreement.  No change in name, change

10   in corporate or individual control, business reorganization, change

11   in ownership, merger, change of legal status, sale or purchase of

12   assets, or similar action shall alter defendant's responsibilities

13   under this agreement.  Defendant shall not engage in any action to

14   seek to avoid the obligations and conditions set forth in this

15   agreement.

16   ## NATURE OF THE OFFENSE

17   7.   Defendant understands that for defendant to be guilty of

18   the crime charged in the single-count information, that is,

19   depositing refuse in navigable waters in violation of 33 U.S.C.

20   §§ 407, 411, the following must be true: (1) defendant threw,

21   discharged, or deposited; (2) from the shore, wharf, or

22   manufacturing establishment; (3) any refuse matter of any kind or

23   description; (4) into a navigable water of the United States; (5)

24   without a permit.

25   ## PENALTIES AND RESTITUTION

26   8.   Defendant understands that the statutory maximum sentence

27   that the Court can impose for a violation of 33 U.S.C. §§ 407, 411,

28   is: a five-year period of probation; a fine of $200,000 or twice the

1  gross gain or gross loss resulting from the offense, whichever is
2  greatest; and a mandatory special assessment of $125.
3        9.    Defendant agrees to make full restitution to the victims
4  of the offense and conduct to which defendant is admitting
5  culpability in this agreement.  Defendant agrees that, in return for
6  the USAO's compliance with its obligations under this agreement, the
7  Court may order restitution to any victim of any of the following
8  for any losses suffered by that victim as a result: (a) any relevant
9  conduct, as defined in U.S.S.G. § 1B1.3, in connection with the
10 offense to which defendant is pleading guilty; and (b) any charges
11 not prosecuted pursuant to this agreement as well as all relevant
12 conduct, as defined in U.S.S.G. § 1B1.3, in connection with those
13 charges.  The parties agree that for purposes of this binding plea
14 agreement, the restitution ordered and imposed by the Court for the
15 conduct described in the attached factual basis shall be $20,000,000
16 (twenty million dollars).

17                SUSPENSION, REVOCATION, AND DEBARMENT
18       10.   Defendant understands that if defendant holds any
19 regulatory licenses or permits, the conviction in this case may
20 result in the suspension or revocation of those licenses and
21 permits.  The USAO makes no representation or promise concerning
22 suspension or debarment of defendant from contracting with the
23 United States or with any office, agency, or department thereof.
24 Suspension and debarment of organizations convicted under various
25 federal environmental protection and criminal statutes is a
26 discretionary administrative action solely within the authority of
27 the federal contracting agencies.  Defendant understands that
28

                                    6

1  unanticipated collateral consequences such as this will not serve as
2  grounds to withdraw defendant's guilty plea.

3  FACTUAL BASIS

4     11.  Defendant admits that defendant is, in fact, guilty of the
5  offense to which defendant is agreeing to plead guilty.  Defendant
6  and the USAO agree to the statement of facts attached hereto as
7  Exhibit B and incorporated by reference herein, and agree that the
8  statement of facts is sufficient to support a plea of guilty to the
9  charge described in this agreement as well as the sentence, fine,
10 and restitution payments specified in this agreement.  The attached
11 statement of facts is not meant to be a complete recitation of all
12 facts relevant to the underlying criminal conduct or all facts known
13 to either party that relate to that conduct.

14 SENTENCING AGREEMENT

15    12.  Defendant and the USAO agree and stipulate that, pursuant
16 to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and
17 8C2.10, the sentencing guidelines are not applicable in determining
18 the fine for an organization violating statutes relating to the
19 environment, including violations of the Refuse Act (33 U.S.C.
20 §§ 407, 411), but that all other sections of Chapter 8 of the
21 U.S.S.G. are applicable in this case, including the provisions
22 regarding restitution.  Defendant understands that in determining
23 defendant's sentence, the Court is required to consider the factors
24 set forth in Title 18, United States Code, Section 3553(a),
25 including the kinds of sentence and sentencing range established
26 under the Sentencing Guidelines.  Defendant also understands that,
27 in arriving at the penalties and restitution set forth below, the
28

7

1 USAO has considered defendant's efforts to cooperate and the
2 compliance improvements that defendant represents have been made.
3       13.   Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2 and the factors
4 set forth in Title 18, United States Code, Section 3553(a),
5 including the nature and circumstances of the offense and the
6 history and characteristics of the defendant, the need for the
7 sentence imposed to reflect the seriousness of the offense, to
8 promote respect for the law, to provide just punishment for the
9 offense, to afford adequate deterrence to criminal conduct, and the
10 need to provide restitution to victims of the offense, the parties
11 agree that defendant shall be sentenced as follows:
12       a)   Criminal Fine: Defendant shall pay a total criminal
13 fine of $5,000,000 (five million dollars) as to the count of
14 conviction.   The criminal fine shall be paid within thirty days of
15 the entry of judgment by wire transfer to the Clerk of the United
16 States District Court for the Central District of California, and
17 confirmation of the completed wire transfer shall be provided to the
18 USAO.
19       b)   Restitution: As agreed to in paragraph 9, defendant
20 shall be ordered to pay restitution of $20,000,000 (twenty million
21 dollars) to the victims of the offense for the conduct discussed in
22 the attached factual basis.   The restitution shall be paid by wire
23 transfer within sixty days of the entry of judgment in accordance
24 with instructions to be provided by the USAO.
25       c)   Special Assessment: Defendant shall pay a total
26 special assessment of $125.
27
28

8

WAIVER OF CONSTITUTIONAL RIGHTS

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel at every other stage of the proceeding.

d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e)   The right to confront and cross-examine witnesses against defendant.

f)   The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g)   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF STATUTE OF LIMITATIONS

15.   Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for the offense prior to the filing of the information alleging the offense; and (b) any

9

1  defense, claim, or argument defendant could raise or assert that

2  prosecution of the offense to which defendant is pleading guilty is

3  barred by the expiration of the applicable statute of limitations,

4  pre-indictment delay, or any speedy trial violation.

5                    WAIVER OF APPEAL OF CONVICTION

6       16.  Defendant understands that, with the exception of an

7  appeal based on a claim that defendant's guilty plea was

8  involuntary, by pleading guilty defendant is waiving and giving up

9  any right to appeal defendant's conviction on the offense to which

10 defendant is pleading guilty.

11              LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12      17.  Defendant agrees that, provided the Court imposes the

13 sentence specified in paragraph 13 above, defendant gives up the

14 right to appeal any portion of the sentence.

15      18.  The USAO agrees that, provided the Court imposes the

16 sentence specified in paragraph 13 above, the USAO gives up its

17 right to appeal any portion of the sentence.

18                 RESULT OF WITHDRAWAL OF GUILTY PLEA

19      19.  Defendant agrees that if, after entering a guilty plea

20 pursuant to this agreement, defendant seeks to withdraw and succeeds

21 in withdrawing defendant's guilty plea on any basis other than a

22 claim and finding that entry into this agreement was involuntary,

23 then (a) the USAO will be relieved of all of its obligations under

24 this agreement; and (b) should the USAO choose to pursue any charge

25 or any civil, administrative, or regulatory action that was either

26 dismissed or not filed as a result of this agreement, then (i) any

27 applicable statute of limitations will be tolled between the date of

28 defendant's signing of this agreement and the filing commencing any

                                10

1 such action; and (ii) defendant waives and gives up all defenses

2 based on the statute of limitations, any claim of pre-indictment

3 delay, or any speedy trial claim with respect to any such action,

4 except to the extent that such defenses existed as of the date of

5 defendant's signing this agreement.

6                    EFFECTIVE DATE OF AGREEMENT

7      20.   This agreement is effective upon signature and execution

8 of all required certifications by defendant, defendant's counsel,

9 and an Assistant United States Attorney.

10                      BREACH OF AGREEMENT

11     21.   Defendant agrees that if defendant, at any time after the

12 signature of this agreement and execution of all required

13 certifications by defendant, defendant's counsel, and an Assistant

14 United States Attorney, knowingly violates or fails to perform any

15 of defendant's obligations under this agreement ("a breach"), the

16 USAO may declare this agreement breached.  All of defendant's

17 obligations are material, a single breach of this agreement is

18 sufficient for the USAO to declare a breach, and defendant shall not

19 be deemed to have cured a breach without the express agreement of

20 the USAO in writing.  If the USAO declares this agreement breached,

21 and the Court finds such a breach to have occurred, then: (a) if

22 defendant has previously entered a guilty plea pursuant to this

23 agreement, defendant will not be able to withdraw the guilty plea,

24 (b) the USAO will be relieved of all its obligations under this

25 agreement, and (c) the Court's failure to follow any recommendation

26 or request regarding sentence set forth in this agreement will not

27 provide a basis for defendant to withdraw defendant's guilty plea.

28

22.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing.  Defendant

1   understands that the Court will determine the facts, sentencing
2   factors, and other considerations relevant to sentencing and will
3   decide for itself whether to accept and agree to be bound by this
4   agreement.

5       24.   Defendant understands that both defendant and the USAO are
6   free to: (a) supplement the facts by supplying relevant information
7   to the United States Probation Office and the Court, (b) correct any
8   and all factual misstatements relating to the Court's Sentencing
9   Guidelines calculations and determination of sentence, and (c) argue
10  on appeal and collateral review that the Court's Sentencing
11  Guidelines calculations and the sentence it chooses to impose are
12  not error, although each party agrees to maintain its view that the
13  calculations and sentence referenced in paragraph 14 are consistent
14  with the facts of this case. While this paragraph permits both the
15  USAO and defendant to submit full and complete factual information
16  to the United States Probation Office and the Court, even if that
17  factual information may be viewed as inconsistent with the facts
18  agreed to in this agreement, this paragraph does not affect
19  defendant's and the USAO's obligations not to contest the facts
20  agreed to in this agreement.

21                    NO ADDITIONAL AGREEMENTS

22      25.   Defendant understands that, except as set forth herein and
23  in the parties' tolling agreements, there are no promises,
24  understandings, or agreements between the USAO and defendant or
25  defendant's attorney, and that no additional promise, understanding,
26  or agreement may be entered into unless in writing signed by all
27  parties or on the record in court.

28

13

1     <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2          26.  The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED.

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF CALIFORNIA
7
      SANDRA R. BROWN
8     Acting United States Attorney

9

10

11    _____          11/17/17
      MARK A. WILLIAMS                      Date
12    JOSEPH O. JOHNS
      Assistant United States Attorneys

13

14

15    _____          11/13/17
      NAME: GEORGE A. STAMBOULIDIS          Date
16
      TITLE: Attorney for Defendant
17

18    Authorized Representative of
      Defendant
19    UNITED INDUSTRIES LLC

20

21                                          11/13/17
22    _____          Date
      GEORGE A. STAMBOULIDIS
23    LAUREN J. RESNICK
      Attorneys for Defendant
24    UNITED INDUSTRIES LLC

25

26

27

28

                          14

CERTIFICATION OF DEFENDANT

I have been authorized by defendant UNITED INDUSTRIES LLC ("defendant") to enter into this agreement on behalf of defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with defendant's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of defendant. I have discussed the evidence with defendant's attorney, and defendant's attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or to defendant other than those contained in this agreement. No one has threatened or forced me or defendant in any way to enter into this agreement. I am satisfied with the representation of defendant's attorneys in this matter, and I am pleading guilty on behalf of defendant because defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          Date  11/13/17

NAME: Eric A. Braun

TITLE: General Counsel + Secretary

Authorized Representative of
Defendant
UNITED INDUSTRIES LLC

15

1       I am defendant UNITED INDUSTRIES LLC's attorney.  I have

2   carefully and thoroughly discussed every part of this agreement with

3   the authorized representative of my client.  Further, I have fully

4   advised my client of its rights, of possible pretrial motions that

5   might be filed, of possible defenses that might be asserted either

6   prior to or at trial, of the sentencing factors set forth in 18

7   U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and

8   of the consequences of entering into this agreement.  To my

9   knowledge: no promises, inducements, or representations of any kind

10  have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis

14  set forth in this agreement is sufficient to support my client's

15  entry of guilty plea pursuant to this agreement.

16

17  _____    _____
                                          Date   11/13/17
18  GEORGE A. STAMBOULIDIS
    LAUREN J. RESNICK
    Attorneys for Defendant
19  UNITED INDUSTRIES LLC

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                 FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No. 17-

11              Plaintiff,              I N F O R M A T I O N

12              v.                      [33 U.S.C. §§ 407, 411: Depositing
                                        Refuse in Navigable Waters]
13   UNITED INDUSTRIES LLC,
                                        [CLASS A MISDEMEANOR]
14              Defendant.

15

16        The Acting United States Attorney charges:

17                      [33 U.S.C. §§ 407, 411]

18        Between in or about January 2008 and June 2009, in Los Angeles

19   County within the Central District of California, employees of

20   defendant UNITED INDUSTRIES LLC, acting within the course and scope

21   of their employment and without a permit, threw, discharged, and

22   deposited from the shore, wharf, and manufacturing establishment,

23   into the Port of Long Beach, a navigable water of the United States,

24   refuse matter, namely, railcar roller bearing adapters, roof liners,

25   //

26   //

27   //

28   JOJ:MAW:maw

1    and brake shoes that were related to defendant's unnecessary and

2    improper railcar repair activities.

3

                 SANDRA R. BROWN
                 Acting United States Attorney

4

5

6                  LAWRENCE S. MIDDLETON
                 Assistant United States Attorney

7                  Chief, Criminal Division

8                  JOSEPH O. JOHNS
                 Assistant United States Attorney

9                  Chief, Environmental & Community
                   Safety Crimes Section

10

11                 MARK A. WILLIAMS
                 Assistant United States Attorney

                 Deputy Chief, Environmental &

12                    Community Safety Crimes Section

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1

**Exhibit B**

**Statement of Facts**

Defendant UNITED INDUSTRIES LLC ("United Industries"), a subsidiary of Progress Rail Services, Inc., which is a subsidiary of Caterpillar, Inc., is a company that inspected and repaired railcars for various railcar owners and operators at multiple repair facilities throughout the United States, including Terminal Island, California, in the Port of Long Beach within the Central District of California.

Beginning in or around 1999 and continuing to in or around the end of 2014, defendant United Industries conducted inspections and repairs for railcars owned, operated, and/or maintained by TTX Company, Pacer International, Greenbrier Company, and others. These inspections and repairs were conducted pursuant to a protocol agreed upon with the railcar owners and operators. United Industries' employees at the facilities where United Industries performed railcar repairs were required to inspect railcars entering the facilities according to guidelines established in the Field Manual of the Association of American Railroads Interchange Rules ("AAR Field Manual") to determine what repairs, if any, were necessary. If an employee determined that a repair was necessary under the AAR Field Manual guidelines, the employee was required to conduct the repair. Each repair was then billed to the owner of the railcar that had been repaired pursuant to AAR Field Manual standards.

Instead of following the foregoing protocol, United Industries' employees at the Terminal Island Facility, and elsewhere, knowingly failed on many occasions to conduct inspections of the railcars according to AAR Field Manual requirements, or knowingly conducted

1

1    inadequate inspections that did not comply with AAR Field Manual
2    requirements.  For example, employees would improperly remove
3    functioning parts located on the railcars and replace them with new
4    or reconditioned parts -- even though the parts being replaced did
5    not meet AAR criteria for "condemnation."  This was known in the
6    railroad industry as making repairs to "green parts."  United
7    Industries' employees would also knowingly pick random repairs to
8    make on the railcars without conducting an inspection of the
9    railcars according to AAR Field Manual requirements.

10       United Industries intentionally performed these "repairs"
11   knowing that such repairs were both unnecessary and improper
12   (hereafter, the "unnecessary and improper repairs").  The railcar
13   owners -- including TTX Company, Pacer International, and Greenbrier
14   Company -- were then charged, and paid for, the unnecessary and
15   improper repairs.  Defendant United Industries admits that
16   interstate wires and the United State Postal Service and/or private
17   and commercial interstate mail carriers were used to carry out the
18   unnecessary and improper railcar repair activity.

19       Employees of United Industries knew that inspectors from the
20   Federal Railroad Administration and the Association of American
21   Railroads would occasionally visit facilities throughout the United
22   States where United Industries' performed railcar repairs to look
23   for evidence of improper railcar repairs (in the case of AAR) as
24   well as undetected railcar repairs.  In order to conceal their
25   unnecessary and improper repairs, United Industries' employees,
26   operating within the scope of their employment and motivated by an
27   intent to benefit the company, concealed the replacement of "green"
28   railcar parts by throwing such parts into the Port of Long Beach

1  (also known as Long Beach Harbor), a navigable water of the United
2  States, from the shore alongside the Terminal Island repair
3  facility.  After conducting only two dives near United Industries'
4  Terminal Island repair facility in 2009, officers with the Los
5  Angeles Port Police and Long Beach Port Police Dive Team discovered
6  what they described as a "large debris field."  Officers on the dive
7  team were able to recover approximately 14 railcar roller bearing
8  adapters, 6 roof liners, and 6 brake shoes from the ocean floor.  An
9  examination of these discarded railcar parts by a Federal Railroad
10  Administration Inspector determined that none of the roller bearing
11  adapters and roof liners exhibited signs of any mechanical wear that
12  would have required them to be replaced, and only one brake shoe
13  showed signs that it may have needed replacement.
14       During the course of the investigation of this matter, United
15  Industries employees admitted that they were directed and encouraged
16  by certain supervisors to increase repair charges and billing by
17  conducting the unnecessary and improper repairs on railcars.
18  Defendant United Industries admits that some of its employees
19  knowingly threw and deposited railcar parts from the shore alongside
20  its Terminal Island Facility into the Port of Long Beach on multiple
21  occasions in 2008 and 2009 for the purpose of concealing defendant's
22  unnecessary and improper railcar repair practices.  At no time did
23  United Industries or any of its employees have a permit that
24  authorized the dumping of railcar parts into the Port of Long Beach.
25       As a result of this and related conduct, United Industries
26  admits that from 2008-2014 its employees conducted the unnecessary
27  and improper repairs on railcar adapters, brake beams, grating
28  platforms, brake shoes, friction castings, hand brakes, roof liners,

1   and side bearings on railcars owned by TTX Company, Pacer
2   International, and Greenbrier Company, and as a result United
3   Industries agrees to pay a total of $20,000,000 (twenty million
4   dollars) in restitution.  United Industries also admits that the
5   gross gain that the company realized as a result of the illegal
6   dumping of railcar parts into the Port of Long Beach, unnecessary
7   and improper railcar repairs, and related conduct is no less than
8   $5,000,000 (five million dollars).

9       Since 2009, defendant United Industries made certain
10  restitution to customers and enhanced its compliance program to
11  implement scrap verification procedures at the Terminal Island
12  location and the other intermodal ramp facilities.  In addition,
13  defendant United Industries has subsequently exited the intermodal
14  railcar repair business and no longer operates railcar repair
15  facilities on Terminal Island or elsewhere.

16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

United Industries, LLC                    Resolutions of the Board of Managers

## United Industries, LLC

### Resolutions of the Board of Managers

A meeting of the Board of Managers (the "Board") of United Industries, LLC (the "Company") was held on October 4, 2017 at 2:00 p.m. with the quorum that meets the requirement of the Company's Limited Liability Company Agreement (the "Operating Agreement"). In accordance with the Company's Operating Agreement, the members of the Board present at the meeting unanimously passed the following resolutions.

1.  The Board hereby authorizes the Company to pay a criminal fine up to, but not more than, $5,000,000 USD, restitution up to, but not more than, $20,000,000 USD, and a special assessment of $125 to resolve all actions, matters and disputes between the Company, on one hand, and the United States of America, on the other, according to the terms of the Plea Agreement, a true and correct copy of which is attached hereto, under the condition that the terms of the Plea Agreement will be accepted by a United States District Court, and that once the District Court accepts the terms of the Plea Agreement, the Plea Agreement is binding on the District Court, pursuant to F.R.C.P. 11(c)(1)(C), and the sentence to be imposed will be exactly as set forth in the Plea Agreement. The Company is hereby authorized to enter into and to comply with all of the provisions of the Plea Agreement.

2.  The Board hereby authorizes George A. Stamboulidis of the law firm Baker & Hostetler LLP to enter a guilty plea on behalf of the Company in accordance with the terms of the Plea Agreement to one misdemeanor count of depositing refuse in navigable waters in violation of 33 U.S.C. §§ 407, 411.

2

3.     The Board hereby authorizes George A. Stamboulidis of the law firm Baker & Hostetler LLP to sign on behalf of the Company all documents and pleadings necessary to accomplish the matters described herein and is authorized, empowered and directed to take all actions and to execute, deliver, and certify any and all documents which he may deem necessary, appropriate or advantageous to carry out fully the intent and purposes of the foregoing resolutions.

4.     All legal formalities for the foregoing authorizations have been observed and any and all prior acts authorized at this Board meeting are hereby ratified and approved in all respects.

5.     There being no further business the meeting was adjourned at 2:30 p.m.

The members of the Board attending the meeting adopted the foregoing Resolutions on _October 4_ , 2017.

Signature:     _____
Name:          Eric A. Braun
Position:      Secretary


STATE OF ALABAMA

COUNTY OF MARSHALL

I,  _Diane W. Cahin_ , a Notary Public, in and for said County in said State, hereby certify that Eric Braun, whose name as Secretary of United Industries, LLC, is signed to the foregoing instrument and who is known to me, acknowledged before me on this day that, being informed of the contents of the instrument, he, as such officer and with full authority, executed the same voluntarily for and as the act of said limited liability company.

3

Given under my hand and seal this 4th day of October , 2017.

Diane W. Eakin
Notary Public
My Commission Expires: July 7, 2021

4

**Attachment to Resolutions of the Board of Managers of United Industries, LLC**

<u>Plea Agreement</u>

Attached.

## CERTIFICATE OF SERVICE

I, **R. Moran**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT FOR DEFENDANT UNITED INDUSTRIES LLC**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☒ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:
**George A. Stamboulidis**
Baker Hostetler
45 Rockefeller Plaza
New York, New York 10111-0100

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **November 20, 2017**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

R. Moran
Legal Assistant